UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD SWEAT, SR., <br><br> Plaintiff, <br><br> v. <br><br> BOB FERGUSON, et al. , <br><br> Defendant. | CASE NO. 3:22-cv-05531-BJR-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Washington State Penitentiary, seeks 42 U.S.C. §1983 relief against State Attorney General Bob Ferguson, Assistant Attorney General Lionel Graves, and Tort Claim Adjuster "Taylor." Dkt. 8. Plaintiff proceeds *pro se* and *in forma pauperis*.

The Court must screen a prisoner's complaint seeking relief against state actors and must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(a) and (b)(1), (2). Plaintiff's complaint fails to state a claim upon which § 1983 relief may be granted. As no amendment would cure this deficient complaint, the Court recommends Plaintiff not be granted leave to amend and the complaint be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

The complaint alleges Defendant Ferguson committed crimes and must be arrested because he paid settlement claims without Plaintiff's consent. Specifically, Plaintiff alleges Defendant Ferguson committed "Actual Malice First Degree Theft" because Plaintiff was awarded $107,000 and $777,000 and wanted payment in two lump sums but Defendant "wanted to pay it out in payments!"

These allegations do not state a claim for relief under § 1983 because the Civil Rights Act does not include a private cause of action based on alleged violations of criminal law such as "First Degree Theft." Section 1983 only "creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Plaintiff's claim Defendant Ferguson committed a state crime or somehow breached a settlement agreement about receiving lump-sum versus periodic payments both fall outside rights protected by the U.S. Constitution. Section 1983 thus "offers no redress." *Id.*; *see also Lovell v. Poway*

REPORT AND RECOMMENDATION - 2

*Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) (explaining that a violation of state law may not form the basis of a section 1983 action); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189-90 (9th Cir. 1999) (affirming dismissal of alleged violations of 16 sections of the California Penal Code and one violation of the California Health and Safety Code on grounds that "these code sections do not create enforceable individual rights.").

Moreover, the decision to prosecute a state crime or file criminal charges are decisions vested in the discretion of a state prosecutor. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Criminal statutes generally do not provide any express private cause of action or other basis for civil liability, *see, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit).Further, the Supreme Court has noted that a private right of action under a criminal statute has rarely been implied. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

The Court notes Plaintiff also alleges Defendant Ferguson violated the Eighth Amendment. But there are no facts indicating the Eighth Amendment which states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" is implicated, and thus no facts establishing a federal constitutional violation.

Finally the Court notes the complaint contains no facts that Defendant Lionel Graves or "Tylor" committed any acts that violated Plaintiff's rights. To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See*

REPORT AND RECOMMENDATION - 3

*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Id.* at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Ostensibly, Defendants Graves and Taylor assisted Defendant Ferguson, but as discussed above the allegations against Defendant Ferguson do not state a claim upon which relief may be granted. As such, the claims against the other defendants similarly fail.

As the complaint fails to state a claim upon which relief may be granted in a § 1983 action, the Court recommends dismissing the matter with prejudice. Leave to amend should be denied because no amendment would cure the deficiencies of the present complaint.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 22, 2022**.  The Clerk should note the matter for **September 23, 2022**, as ready for the District Judge's consideration.  The failure to timely object may affect the right to appeal.

DATED this 8th day of September, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4